# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:18-cr-00041

DAVID MOORE,

### MEMORANDUM OPINION AND ORDER

Pending is the Renewed Motion to be Relieved of Appointment as Counsel [Doc. 132], filed by Federal Public Defender Wesley Page on April 1, 2020.

"[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Indeed, while a defendant has a right to representation, he has no absolute right to substitution of counsel, absent good cause. *See United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). When deciding whether to grant a motion to withdraw, "a district court must consider the timeliness of [the] defendant's request when determining whether the conflict complained of is genuine or merely a transparent plot to bring about delay." *United States v. Smith*, 640 F.3d 580, 591 (4th Cir. 2011) (internal quotation marks omitted).

When considering whether to grant a motion to withdraw, courts are to consider the "(1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *United States v. Blackledge*, 751 F.3d 188, 193 (4th Cir. 2014) (internal

quotation marks omitted). These factors are, in turn, then weighed against "the [district] court's interest in the orderly administration of justice." *United States v. Reevey*, 364 F.3d 151, 157 (4th Cir. 2004).

Regarding timeliness, the inquiry covers "the temporal proximity of the motion to trial or another proceeding but also the resulting delay on the overall proceedings." *United States v. Muslim*, 944 F.3d 154, 165 (4th Cir. 2019) (finding timeliness weighed in favor of affirmance where the "Defendant's refusal to cooperate was preventing the case from moving to sentencing."). Regarding the second factor, "[a]n inquiry into the reasons for defendant's dissatisfaction with his or her lawyer is necessary for the trial court to determine whether good cause for substitution of counsel exists." *Mullen*, 32 F.3d at 896. Regarding the Sixth Amendment relationship, the focus is on whether there is a true communication problem or, instead, a defendant's disagreement with his lawyer's trial strategies.

The conduct of the defendant is an important consideration: "The district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict." *United States v. Morsley*, 64 F.3d 907, 918 (4th Cir. 1995); *see also United States v. DeTemple*, 162 F.3d 279, 289 (4th Cir. 1998) (noting that "[a] court can properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem."). Indeed, where a defendant's own conduct underlies the request for withdrawal, the Court must consider whether granting the motion would serve the relevant interests or simply encourage gamesmanship.

Our Court of Appeals recently affirmed the denial of a motion for withdrawal under similar circumstances. *See Muslim*, 944 F.3d at 16568. In *Muslim*, the defendant was appointed four different attorneys due to his consistent complaints that his lawyers were unprepared,

2

inadequate, and "part of a vast conspiracy against him." *Id.* at 16566. As a result, the defendant refused to cooperate with counsel and, in the case of his third attorney, "filed a complaint against him with the State Bar." *Id.* at 166. The defendant ultimately filed a fourth motion for withdrawal seeking a fifth appointed attorney. *See id.* The district court, after hearing argument from the parties, denied the motion. *See id.*

The Court of Appeals found no abuse of discretion in denying the motion to withdraw, inasmuch as the three factors weighed in favor of affirmance. *See Muslim*, 944 F.3d at 166. First, the Court noted that the defendant was on his fourth attorney, twenty months had passed since trial, and the defendant's "refusal to cooperate was preventing the case from moving to sentencing." *Id.* Second, it observed that the district court had held an extensive hearing on the motion. *See id.* Third, while there was a conflict between the defendant and counsel, the panel noted that "Defendant's conduct was a major causative factor." *Id.* The defendant also displayed a pattern of "filing allegations against [his appointed attorneys], refusing to cooperate with them, and filing State Bar complaints," which had continued with his fourth attorney who, despite this, "visited the jail, filed motions, and even investigated Defendant's allegations of Government misconduct." *Id.* at 167.

On review of the entire record, including over one hundred pages of handwritten letters sent by Mr. Moore, the Court concludes that, as in *Muslim*, all factors weigh against allowing withdrawal. The orderly administration of justice points in the same direction.

The history of Mr. Moore's actions began with his first lawyer, Michael R. Whitt, a member of the Panel Advisory Committee for our District's Criminal Justice Act Panel. Two weeks before trial, Mr. Moore requested Mr. Whitt withdraw and seek appointment of substitute

3

counsel. Mr. Moore "indicated that the advice that [Mr. Whitt] was providing to him was 'just not true.'" [Doc. 30 at 2]. Ultimately, Magistrate Judge Omar J. Aboulhosn granted the motion and appointed the Federal Public Defender's Office [Doc. 33].

Then, Federal Public Defender Wes Page appeared on Mr. Moore's behalf [Doc. 34]. Less than three months later, on July 11, 2019, Mr. Page moved to withdraw at Mr. Moore's request [Doc. 62]. The predecessor Judge in this matter, the Honorable Irene C. Berger, accepted Mr. Page's offer to file an *ex parte* memorandum detailing cause for withdrawal and then denied the motion. Mr. Moore wrote a letter to the Court in response to the denial, reiterating his disagreements and requesting that Mr. Page be "dismissed from this case." [Doc. 69 at 5]. Judge Berger, noting that the letter simply reiterated the same arguments previously considered, denied reconsideration [Doc. 68]. On August 2, 2019, Mr. Page filed a renewed motion to withdraw [Doc. 70]. Specifically, he stated that Mr. Moore refused to meet with him twice and Mr. Moore had filed a disciplinary complaint against him. Judge Berger denied the renewed motion, inasmuch as "any competent attorney is likely to face the same difficulties with the client" and "declin[ed] the opportunity to set the precedent of permitting defendants who have been denied a request for new appointed counsel to overrule the Court's decision simply by filing a disciplinary complaint." [Doc. 71].

The Court has now reviewed the recent documents disclosed by Mr. Moore, including an annotated letter sent to him by Mr. Page. Mr. Page provided detailed explanations to resolve Mr. Moore's disagreements with the law. For example, Mr. Moore asserts that he is eligible for probation, because the gun he possessed is a "Grade A Violation." As Mr. Page correctly

4

explained, the grade of violations bears on the revocation of supervised release not the original disposition Mr. Moore now faces [Doc. 76 at 11].

Mr. Page also thoroughly explained that Mr. Moore may not unilaterally choose to plead guilty to an uncharged state court offense, described by Mr. Moore as a "federal charge of a Minor Assault with a Firearm Being Used to Threaten a Victim" [Doc. 108 at 1]. Rather, as Mr. Page explained, that conduct is relevant to sentencing as an enhancement [Doc. 76 at 12].

Further, during the March 9, 2020, sentencing hearing in this matter, the Court observed Mr. Moore's interactions with Mr. Page and inquired further of Mr. Moore. While Mr. Moore was eager to speak on his own behalf, he appeared to have no difficulty conferring with Mr. Page when necessary. While the Court appreciates the difficulties associated with representing an uncooperative client who disagrees with suitable legal advice and strategic decisions, it cannot conclude that cause exists for withdrawal or appointment of a third attorney.

Finally, the motion to withdraw was filed seven months after Mr. Moore pled guilty, a few weeks before the amended sentencing memoranda deadline, and several weeks after the incomplete sentencing hearing. The appointment of a new lawyer would surely result in additional continuances. Next, Mr. Moore's disagreements with counsel stem solely from his own conduct and beliefs. The same conflicts would surely arise with any new counsel, as with prior counsel. Moreover, as noted, Mr. Moore pled guilty over six months ago and the sentencing has already been continued to address Mr. Moore's concerns.

In sum, all factors counsel in favor of denial. The discussion of the factors also discloses that Mr. Moore's continued attempts to delay materially threaten the orderly administration of justice. Accordingly, the Court **DENIES** the motion to withdraw [**Doc. 132**].

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record and to the Defendant.

ENTERED: April 7, 2020

Frank W. Volk
United States District Judge